IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEWART TITLE GUARANTY COMPANY, § § Plaintiff, § § v. § § FIRST AMERICAN TITLE INSURANCE § COMPANY, § § Defendant. § § | | CIVIL ACTION NO. H-15-0354 |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant First American Title Insurance Company's Motion to Transfer Venue (Docket Entry No. 6), seeking transfer of this case to the United States District Court for the Middle District of Florida under the Fifth Circuit's first-to-file rule. After carefully considering the parties' arguments, the records on file, and the applicable law, the court is persuaded that Defendant's motion should be granted.

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999). The rule is designed to maximize the values of judicial economy, consistency, and comity between sister courts. Id. at 604. The cases at issue need not be identical, as long as the court in the later-filed action finds a

substantial overlap in issues and parties. <u>Save Power Ltd. v. Syntek Fin. Corp.</u>, 121 F.3d 947, 950 (5th Cir. 1997). "Once the court in the later-filed action finds the issues involved are likely to substantially overlap, it is up to the first-filed court to resolve the question of whether both cases should proceed." <u>Excentus Corp. v. Kroger Co.</u>, No. 3:10-CV-0483-B, 2010 WL 3606016, at *1 (N.D. Tex. Sept. 16, 2010) (citing <u>Mann Mfg., Inc. v. Hortex, Inc.</u>, 439 F.2d 403, 408 (5th Cir. 1971); <u>Save Power</u>, 121 F.3d at 950.). To avoid the first-to-file rule, a plaintiff must demonstrate compelling circumstances that caution against transfer. <u>White v. Peco Foods, Inc.</u>, 546 F. Supp. 2d 339, 342 (S.D. Miss. 2008); <u>see</u> <u>Mann Mfg.</u>, 439 F.2d at 407.

Both cases at issue here stem from a dispute over insurance policies pertaining to a bankrupt power plant project in West Virginia. On January 22, 2015, Old Republic National Title Insurance Company ("Old Republic") sued Defendant First American Title Insurance Company ("First American") in the United States District Court for the Middle District of Florida. <u>Old Republic Nat. Title Ins. Co. v. First Am. Title Ins. Co.</u>, No. 8:15-cv-126-JSM-EAJ (M.D. Fla. filed Jan. 22, 2015). Old Republic asserts various contract and tort claims based on a contract it entered into with First American that reinsured First American's title

insurance policies issued to the power plant and its lenders.[1] On January 30, 2015, eight days after Old Republic brought suit in Florida, Stewart Title Guaranty Company ("Stewart") initiated this action in the Southern District of Texas.[2] Stewart asserts similar contract and tort claims based on an identical contract it entered into with First American that reinsured the same title insurance policies on the power plant property.[3] The court has compared the complaints in the two cases and is satisfied that there is a substantial overlap in issues and parties. Therefore, under the first-to-file rule, the proper course of action is to transfer this case to the Middle District of Florida.

The court has considered Plaintiff's arguments and concludes that Plaintiff has not demonstrated compelling circumstances that counsel against transfer. Although the plaintiffs in each case differ, the factual bases and legal theories are nearly identical, and each case involves the same form contract. Since each case is in its early stages, transfer will allow a single court to address the overlapping issues in both suits. Because determination of

---

[1] See Complaint, Exhibit 2 to Motion to Transfer Venue, Docket Entry No. 6-2, pp. 4-15.

[2] Original Complaint, Docket Entry No. 1.

[3] See id.; American Title Association Tertiary Facultative Reinsurance Agreement, Exhibit 3 to Motion to Transfer Venue, Docket Entry 6-2, pp. 18-22; American Title Association Tertiary Facultative Reinsurance Agreement, Exhibit 4 to Motion to Transfer Venue, Docket Entry No. 6-2, pp. 24-28.

whether these two actions are so related as to require consolidation belongs to the Middle District of Florida, Plaintiff may raise its arguments against consolidation there.

Having determined that this case substantially overlaps with a case previously filed in the Middle District of Florida, and finding no compelling circumstances that would bar transfer, Defendant First American Title Insurance Company's Motion to Transfer Venue (Docket Entry No. 6) is **GRANTED**, and the action is **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division.

**SIGNED** at Houston, Texas, this 25th day of March, 2015.

                                          SIM LAKE
                            UNITED STATES DISTRICT JUDGE